(PC) Campbell v. Turner, et al.    Doc. 3

Case 2:05-cv-00778-FCD-DAD   Document 3   Filed 04/22/2005   Page 1 of 6

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY CAMPBELL,

        Plaintiff,                    No. CIV S-05-0778 FCD DAD P

   vs.

L.K. TURNER, et al.,               <u>ORDER AND</u>

        Defendants.           <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief under 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Plaintiff's application to proceed in forma pauperis will therefore be granted.

        Plaintiff is required to pay the statutory filing fee of $250.00 for this action. <u>See</u> 28 U.S.C. §§ 1914(a) & 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. <u>See</u> 28 U.S.C. § 1915(b)(1). Plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to his prison trust account. These payments must be

1

1  collected and forwarded by the appropriate agency to the Clerk of the Court each time the
2  amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  See 28 U.S.C.
3  § 1915(b)(2).
4        The court is required to screen complaints brought by prisoners seeking relief
5  against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.
6  § 1915A(a).  The court must dismiss claims that are legally frivolous or malicious, that fail to
7  state a claim upon which relief may be granted, or that seek monetary relief from a defendant
8  who is immune from such relief.  28 U.S.C. § 1915A(b)(1) & (2).
9        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
11 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.
16       A claim should be dismissed for failure to state a claim upon which relief may be
17 granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim
18 that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v.
19 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
20 complaint under this standard, the court accepts as true the allegations of the complaint.  Hospital
21 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the
22 pleading in the light most favorable to the plaintiff and resolves all doubts in the plaintiff's favor.
23 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
24 /////
25 /////
26 /////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendant and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In the present case, plaintiff seeks compensatory damages of ninety eight million dollars from L.K. Turner, J.H. Miner, and Correctional Lieutenant Apereira, all of whom were employed at California State Prison, Sacramento at the relevant times. Plaintiff alleges as follows:

> On 4-14-05 I was issued a copy of a 115 Rules Violation Report and the 115 Rules Violation Report is sapose [sic] to be heard no less than 24 hours after the copy is recived [sic] by the inmate and it wasent [sic] and this violated my due process because I had a right to have my disciplinary hearing heard withen [sic] this time constraint this is withen [sic] the California Code of Regulations CCR 3320. Defendant L.K. Turner new [sic] of the hearing and when it is sapose [sic] to be heard and new [sic] it is sapose [sic] to be heard and new [sic] it is suppose to be no less than 24 hours when the copy is recived [sic] by the inmate also new [sic] because he signed the report. J.H. Miner new [sic] because he signed the report and know when it sapose [sic] to be issued and heard and Apereia [sic] new [sic] of the hearing and new [sic] it is sapose [sic] to be heard no less than 24 hours when the copy is recived [sic] by the inmate. Theses [sic] defendant's [sic] deprived plaintiff civil rights by not haveing [sic] the rules violation hearing heard within the time constraint when the defendants new [sic] of the hearing and the time constraint and new [sic] that plaintiff had a right to his hearing withen [sic] the time constraint.

(Compl. at 3 & Attach.)

1  Plaintiff appears to be complaining that his hearing was not held within 24 hours
2  after he received a rules violation report on April 14, 2005. The court notes that plaintiff's
3  complaint is dated April 14, 2005. Although plaintiff alleges exhaustion of administrative
4  remedies, the allegation is implausible if plaintiff commenced this action on the very same day he
5  received the rule violation report at issue. Nor can plaintiff file a complaint on the day he
6  received a rules violation report and claim he did not have a hearing within 24 hours after
7  receiving the report.

8  Even if plaintiff inadvertently alleged an incorrect date for his receipt of the rules
9  violation report at issue, plaintiff's claim is without merit because plaintiff is mistaken about the
10 requirements of the regulation that sets time constraints for disciplinary hearings. Section 3320
11 provides as follows:

> The charges shall be heard <u>within 30 days from the date the inmate is provided a copy of the CDC Form 115</u> unless the charges were referred for possible prosecution and the inmate has been granted a request for postponement of the disciplinary proceedings pending the outcome of the referral, or if the inmate is transferred out of the custody of the department.

16 Cal. Code Regs. tit. 15, § 3320(b) (emphasis added). The hearing must be held within 30 days,
17 not within 24 hours, after the inmate receives a copy of the Form 115. The regulation further
18 provides that the inmate must have at least 24 hours to prepare for the hearing, unless the inmate
19 waives the 24-hour period, in which case the hearing may be held before the 24-hour period
20 expires. <u>Id.</u>, § 3320(c)(2). The plaintiff in this case has not alleged that he waived the 24-hour
21 period and requested an earlier hearing, but had he done so, prison officials were permitted, but
22 were not required, to hold his hearing within 24 hours after providing him with a copy of the
23 rules violation report.[1]
24 /////

---

[1] The hearing "may be postponed up to 30 days upon the inmate's written request showing a reasonable need for postponement." Cal. Code Regs. tit. 15, § 3320(d).

4

1         Even if plaintiff were able to allege facts establishing a violation of a state
2 regulation, he has not alleged facts establishing a federal constitutional claim. It is well
3 established that inmates retain certain due process rights in prison disciplinary proceedings.
4 Wolff v. McDonnell, 418 U.S. 539, 563-71 (1974). However, state laws and regulations that
5 contain merely procedural requirements, even if those requirements are mandatory under state
6 law, do not give rise to a constitutionally cognizable liberty interest. Toussaint v. McCarthy, 801
7 F.2d 1080, 1098 (9th Cir. 1987). A state regulation gives rise to a liberty interest protected by
8 the Due Process Clause of the federal constitution only where the regulation pertains to freedom
9 from restraint that "imposes atypical and significant hardship on the inmate in relation to the
10 ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Plaintiff's
11 allegations do not present a deprivation of any process due in prison disciplinary proceedings or
12 demonstrate that application of the state regulation imposed atypical or significant hardship on
13 him in relation to the ordinary incidents of prison life.

14         It is evident from plaintiff's misunderstanding of the applicable regulation that he
15 cannot cure the defects of his complaint. The undersigned will therefore recommend that this
16 action be dismissed on the grounds that it is legally frivolous and fails to state a claim upon
17 which relief may be granted pursuant to 42 U.S.C. § 1983.

18         Accordingly, IT IS HEREBY ORDERED that:

19         1. Plaintiff's application to proceed in forma pauperis is granted;

20         2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action.
21 The fee shall be collected and paid in accordance with this court's order to the Director of the
22 California Department of Corrections filed concurrently herewith; and

23         IT IS RECOMMENDED that this action be dismissed on the grounds that
24 plaintiff's claims are legally frivolous and fail to state a claim upon which relief can be granted.

25         These findings and recommendations will be submitted to the United States
26 District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within

1  twenty days after being served with these findings and recommendations, plaintiff may file any
2  written objections with the court.  A document containing objections should be titled "Objections
3  to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
4  objections within the specified time may waive the right to appeal the District Court's order.  <u>See</u>
5  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
6  DATED: April 22, 2005.

                                            */s/ Dale A. Drozd*
                                        DALE A. DROZD
                                        UNITED STATES MAGISTRATE JUDGE

DAD:13
camp0778.56a